UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABINE LEUTHEUSSER-SCHNARRENBERGER, ET AL., <br><br>Petitioner, <br><br>v. <br><br>ALEKSANDR KOGAN, <br><br>Respondent. | Case No.18-mc-80171-JSC <br><br>**ORDER RE: EX PARTE APPLICATION FOR JUDICIAL ASSISTANCE** <br><br>Re: Dkt. No. 1 |

Petitioners Sabine Leurheusser-Schnarrenberger and Dan Shefet filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.) That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. Here, Petitioners seeks an order granting them permission to issue a subpoena to obtain documents and a deposition from non-party Aleksandr Kogan, a.k.a. Aleksandr Spectre, for use in as of yet unfiled French and German legal proceedings regarding the Facebook/Cambridge Analytica data breach. Upon consideration of the application and the relevant legal authority, the Court DENIES the application without prejudice.

**BACKGROUND**

Petitioner Dan Shefet is the President of the Association for Accountability and Internet Democracy (AAID), a French non-profit. (Dkt. No. 3 at ¶ 2.[1]) He has a personal Facebook account and an account affiliated with AAID which collectively have over 2,100 "friends and family." (*Id*. at ¶ 6.) Petitioner Sabine Leutheusser-Schnarrenberger was the German Federal

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Minister of Justice from 2009-2013 under Chancellor Angela Merkel. (Dkt. No. 4 at ¶ 2.) She has a Facebook account with more than "9,500 friends and family." (*Id*. at ¶ 6.) Both Petitioners are concerned that their private data, and that of their friends and family, "may have been illegally harvested, shared, used and stored" by a Global Science Research Ltd. (GSD), a UK company. (Dkt. No. 3 at ¶¶ 3, 6; Dkt. No. 4 at ¶¶ 3, 6.) Petitioners concern is based on a GS Data and Technology Agreement which GSD entered into with SCL Elections Limited, also a UK company. (*Id*.) Petitioners contend that the Agreement documents GSD's plan "to obtain massive amounts of personal data from Facebook and use it to create psychological 'profiles' using, for example, people's highly personal factors such as their romantic traits inter-related to 'the predictions their romantic partners, family members, and friends make about their traits.'" (Dkt. No. 3 at ¶ 4; Dkt. No. 4 at ¶ 4; Dkt. No. 5 at 5 (Ex. A).) Petitioners are "especially concerned about any abuse of [their] personal data and that of [their] friends and family" and note that such abuse would violate several civil and criminal laws in France and Germany, respectively. (Dkt. No. 3 at ¶ 7; Dkt. No. 4 at ¶ 7.)

Petitioners believe that Aleksandr Kogan, a.k.a. Aleksandr Spectre—who signed the Agreement on GSD's behalf and is identified as GSD's Director—is at the center of this alleged data breach. (Dkt. No. 3 at ¶ 8; Dkt. No. 4 at ¶ 8; Dkt. No. 5 at ¶ 4.) Petitioners thus seek an order authorizing them to issues subpoenas to take Mr. Kogan's deposition and to obtain certain unspecified documents from Mr. Kogan. (Dkt. No. 3 at ¶ 8, 6; Dkt. No. 4 at ¶ 8.) Petitioners believe that Mr. Kogan is a resident of Contra Costa County who has a business address within San Francisco County based on records they obtained from the California Secretary of State for a company called Philometrics Inc. which list Aleksandr Spectre, as its sole officer.[2] (Dkt. No. 5 at ¶ 7; Ex. E at p. 44.) Petitioners contend that evidence obtained from Mr. Kogan would be "welcome" by the French and German governments, courts, and data protection agencies. (Dkt. No. 3 at ¶ 8; Dkt. No. 4 at ¶ 8.)

---

[2] In testimony before the British House of Commons on April 24, 2018, Mr. Kogan stated that in 2015 he changed his name from Kogan to Spectre and that he has set up two different companies: GSR and Philometrics. (Dkt. No. 5 at Ex. F at p. 55.)

**LEGAL STANDARD**

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). To apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id.* at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage). When it comes to requests directly from foreign courts, district courts typically handle Section 1782 discovery requests in the context of an *ex parte* application for an order appointing a commissioner to collect the information. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may object and exercise due process rights by bringing motions to quash the subpoenas after the court issues a Section 1782 order); *see, e.g.*, *In re Request for Int'l Judicial Assistance from the Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (granting *ex parte* application for a Section 1782 order); *In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme Ct. of Justice of the Fed. Dist.*, No. 14-mc-80083-JST, 2014 WL 1202545, at *1 (N.D. Cal. Mar. 19, 2014) (same). The same is generally true for Section 1782 applications brought by private parties. *See, e.g.*, *Mak v. For the Issuance of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. 1782*, No. C 12-80118 SI, 2012 WL 2906761, at *1-2 (N.D. Cal. July 16, 2012) (denying motion to quash after having granted ex parte application for deposition subpoena under Section 1782); Order, *In re Gianasso*, No. 3:12-mc-80029 (N.D. Cal. Feb. 28, 2012), ECF No. 6; Order, *In*

*re Am. Petroleum Inst.*, No. 5:11-mc-80008 (N.D. Cal. Apr. 7, 2011), ECF No. 6.

The court retains wide discretion to grant discovery under Section 1782. *See Intel*, 542 U.S. at 260-61. In exercising its discretion, the court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65; *see also In re Request for Judicial Assistance from the Seoul Dist. Crim. Ct.*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted) (noting that the only requirements explicit in the statute are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal, but also holding "that the investigation in connection with which the request is made must related to a judicial or quasi-judicial controversy").

"A district court's discretion is to be exercised in view of the twin aims of [Section] 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *Nat'l Ct. Admin. of the Republic of Korea*, 2015 WL 1064790, at *2 (citing *Schmitz v. Bernstein Libehard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004)). The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's law or that the U.S. would permit the discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

**DISCUSSION**

Petitioners' application satisfies three of the four statutory requirements of Section 1782. Petitioners have demonstrated that there is reason to believe that Mr. Kogan resides or can be found within this District based on the records from the California Secretary of State, which list a residential address for him in El Sobrante and a business address in San Francisco as of July 5, 2017. (Dkt. No. 5 at Ex. E.) Likewise, Petitioners, who allege that they themselves were victims of a data breach orchestrated by Mr. Kogan are prospective litigants, who have a "reasonable

4

interest" in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to Section 1782. *See Akebia Therapeutics, Inc. v. Fibrogren, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015). Further, the *ex parte* application is an acceptable method of requested discovery under Section 1782. *See Tokyo Dist., Tokyo, Japan*, 539 F.2d at 1219.

However, Petitioners have not shown a "reasonable contemplation" of litigation. *See Intel*, 542 U.S. at 259. Petitioners need not show that litigation is pending or imminent, but must show that the proceeding is not speculative, and is "more than just a twinkle in counsel's eye." *Certain Funds, Accounts And/or Inv. Vehicles Managed by Affiliates of Fortress Inv. Grp. LLC v. KPMG, LLP*, 798 F.3d 113, 124 (2d Cir. 2015). "By adopting the phrase 'for use,' Congress plainly meant to require that § 1782 applicants show that the evidence sought is something that will be employed with some advantage or serve some use in the proceeding. The key question, therefore, is not simply whether the information sought is relevant, but whether the [applicant] will actually be able to use the information in the proceeding." *Id*. at 120 (internal citation and quotation marks omitted).

In *KPMG*, the Second Circuit affirmed the district court's denial of a 1782 application in part based on the petitioner's failure to demonstrate a reasonable contemplate of litigation. The court held that it was not enough that the discovery sought would be "highly relevant" to proceedings before quasi-judicial Saudi tribunals because the petitioners were not in a position to direct proceedings before those tribunals. *Id*. at 121. The court explained that "[t]hat is no different from a third party providing information to a private litigant that it believes might be useful in a lawsuit, or a witness approaching a prosecutor's office claiming to have knowledge of a crime. Such information might be relevant or interesting to the recipient, but it is not 'for use' in any proceeding in which the recipient is a party unless the recipient takes some further, independent action to introduce it." *Id*. So too here. Although Petitioners attest that documents and oral testimony sought here "will be admissible in civil and criminal proceedings" in France or Germany, respectively, and indeed, that their respective governments, courts, and data protection agencies "will welcome this US federal court judicial assistance in a case of such French, German, European, and international importance," they do not demonstrate that any civil or criminal

5

proceedings are actually being contemplated by themselves or any of these respective entities. (Dkt. No. 3 at ¶ 8, 6; Dkt. No. 4 at ¶ 8.) Where a 1782 applicant seeks materials for use by another party in a foreign proceeding, the applicant must be in a "position to have the [tribunal] consider that evidence" or "establish that he or she has the practical ability to inject the requested information into a foreign proceeding." *In re Accent Delight International Ltd.*, 869 F.3d 121, 131-32 (2d Cir. 2017). No such showing has been made here.

Section 1782 is not meant to allow parties to obtain discovery to conduct an investigation that is untethered to a specifically contemplated or actualized foreign proceeding. *See In re Pioneer Corp. for an Order Permitting Issuance of Subpoenas to Take Discovery in a foreign Proceeding*, No. MC 18-0037 UA (SS), 2018 WL 2146412, at *6 (C.D. Cal. May 9, 2018) (denying 1782 application in part because petitioner was "unable to show that the information requested is 'for use' in a reasonably contemplated foreign proceeding, both because its practical ability to introduce the materials… is questionable" and because the information sought was of questionable relevance). "Courts must guard against the specter that parties may use § 1782 to investigate whether litigation is possible before launching it." *In re Sargeant*, 278 F. Supp. 3d 814, 823–24 (S.D.N.Y. 2017). Because Petitioners have thus far failed to establish that the discovery sought here is "for use" in foreign proceedings, their 1782 application is denied.

## CONCLUSION

For the reasons stated above, Petitioners' ex parte application for judicial assistance is denied. This denial is without prejudice to Petitioners renewing their application upon a showing that Petitioners seek this discovery based on a reasonable contemplation of litigation. Should Petitioners renew their application, they must include the proposed subpoenas.

**IT IS SO ORDERED.**

Dated: October 17, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge